**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRETT L. SHARP, # N-38007,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-880-MJR** |
| | ) | |
| **WILLIAM A. SPILLER,** | ) | |
| **R. SHURTZ,** | ) | |
| **SCHOENBECK,** | ) | |
| **LORI OAKLEY,** | ) | |
| **CHRISTOPHER FLEMING,** | ) | |
| **TIIMOTHY VEATH,** | ) | |
| **MELISSA PHOENIX,** | ) | |
| **SHERRY BENTON,** | ) | |
| **LASHBROOK,** | ) | |
| **INMATE MELENDEZ,** | ) | |
| **and INMATE LOWDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a life sentence. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was physically assaulted by the two inmates named as Defendants herein, after prison officials spread false information among the inmate population that Plaintiff was a child molester and an informant. Certain Defendant guards allowed the attack to continue, and later placed Plaintiff in the same housing unit as his assailants. He was not provided with medical care for his injuries. His grievances over these events were destroyed and/or not answered. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

By way of background, Plaintiff's complaint recites that on March 28, 2011, he was issued a fabricated disciplinary report by Internal Affairs Officer William P. Spiller, in order to cover up an assault upon Plaintiff by several guards.   William P. Spiller also threatened Plaintiff's life.  Plaintiff later (on March 22, 2013) filed suit over that assault (*Sharp v. Eovaldi, et al.*, Case No. 13-cv-291-NJR-DGW); the case is still pending in this Court.  William P. Spiller was not a named Defendant in that action.  Plaintiff also contacted "several agencies" seeking to have William P. Spiller investigated and removed from his job (Doc. 1-1, p. 1).

The allegations that form the basis for the present action begin with November 7, 2012.  Plaintiff was interrogated on that date by Defendant William A. Spiller (whom he speculates is a relative of William P. Spiller), regarding some photographs Plaintiff had ordered, and which had been approved by other prison officials.  Defendant William A. Spiller told Plaintiff that he was aware of the March 2011 incident involving William P. Spiller.  Defendant William A. Spiller issued Plaintiff a fabricated disciplinary report, which Plaintiff claims was done "out of retaliation" (Doc. 1-1, p. 2).  Plaintiff chose not to challenge it, and accepted the consequences.

Following this encounter, Defendant William A. Spiller informed other prison staff in Plaintiff's cell house that Plaintiff was a child molester, which is untrue.   Other unidentified prison staff repeated this false information to Plaintiff's fellow inmates, and further labeled Plaintiff (again, falsely) as an informant.

Several months later, on August 14, 2013, Plaintiff was approached by Inmate Defendants Lowder and Melendez.  They threatened to "deal with" Plaintiff, because corrections staff had told them he was a child molester and staff informant (Doc. 1-1, p. 3).  Ten minutes later, Defendant Inmate Lowder attacked Plaintiff.  Defendants William A. Spiller, Schoenbeck,

Fleming, and other officers intervened, but then walked away and allowed Defendant Lowder to attack Plaintiff a second time.  Plaintiff's shoulder and neck were injured, but unidentified staff members refused to get him any medical attention (Doc. 1-1, p. 3).

Between August 14 and November 5, 2013, Plaintiff received several threatening notes from inmates, including one from Defendant Lowder.  Plaintiff turned these over to Defendants William A. Spiller and Schoenbeck of Internal Affairs.  Plaintiff declared Defendants Lowder and Melendez as his enemies.  He requested to be placed in protective custody, but this was not done.

On August 30, 2013, Defendant R. Shurtz moved Plaintiff to a cell close to Inmate Defendants Lowder and Melendez.  Defendant R. Shurtz is a relative of correctional officer Tyson Shurtz, who is a defendant in *Sharp v. Eovaldi, et al.*, Case No. 13-cv-291-NJR-DGW.  Defendant R. Shurtz kept Plaintiff in that cell in the segregation unit from August 30 to November 6, 2013.  During this time, Defendant Inmate Melendez constantly threatened and harassed Plaintiff, and spread the false child-molester accusations to other inmates.  Plaintiff was not able to leave the cell for any type of movement or recreation without risking another attack from Melendez or Lowder (Doc. 1-1, p. 4).

Plaintiff filed grievances on August 14, 2013, over the attack.  He claims that Defendant Phoenix (counselor) purposely destroyed them, after telling Plaintiff that she had received his grievances.  Plaintiff never received a response, and he claims this is a common practice in order to dismiss subsequent grievances for being filed too late.  Defendants Oakley and Benton conspired with Defendant Phoenix to destroy documents and cover the actions of corrections staff (Doc. 1-1, p. 5).

Plaintiff seeks monetary relief against all Defendants.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations

in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** First Amendment retaliation claim against Defendant William A. Spiller, for falsely informing other prison staff that Plaintiff is a child molester, because Plaintiff attempted to have his relative (William P. Spiller) investigated and removed from his job;

> **Count 2:** Eighth Amendment claim against unidentified prison officials who told Menard inmates that Plaintiff was a child molester and informant, thus endangering Plaintiff's safety;

> **Count 3:** Eighth Amendment claim against Defendants Spiller, Schoenbeck, and Fleming, for failing to protect Plaintiff from the second assault by Defendant Lowder on August 14, 2013;

> **Count 4:** Eighth Amendment claim against unidentified prison officials, for failing to obtain medical care for Plaintiff following the August 14, 2013, attacks on him;

> **Count 5:** First Amendment retaliation claim against Defendant R. Shurtz, for housing Plaintiff in a cell near his declared enemies (Lowder and Melendez), because Plaintiff sued Defendant R. Shurtz' relative (Tyson Shurtz);

> **Count 6:** Claims against Defendants Phoenix, Oakley, and Benton, for conspiring to destroy Plaintiff's grievances filed over the incidents described in the above claims;

> **Count 7:** Claims against Inmate Defendant Lowder for attacking Plaintiff, and against Inmate Defendant Melendez for instigating the attack and spreading false accusations about Plaintiff.

Plaintiff's claims in Counts 1, 3, and 5, at the pleading stage, indicate that his constitutional rights may have been violated, and these counts shall proceed for further review. However, Counts 2, 4, 6, and 7 fail to state a constitutional claim upon which relief may be granted, and shall be dismissed.

**Claims to be Referred for Further Review**

### Counts 1 and 5 – Retaliation

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or

otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  The ultimate question is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

In **Count 1**, Plaintiff states that he complained about William P. Spiller's behavior and sought to have him investigated and removed from his job.  These activities are arguably protected by the First Amendment.  Plaintiff further claims that Defendant William A. Spiller spread false information about him which placed him in danger, as retaliation for Plaintiff's earlier complaints against William P. Spiller. These allegations are sufficient to make out a colorable retaliation claim at this stage. [1]

Similarly, in **Count 5**, Plaintiff claims that Defendant R. Shurtz intentionally placed him in harm's way near the inmates who had attacked him, in retaliation for Plaintiff's protected activity of filing a lawsuit in this Court against correctional officer Tyson Shurtz (Case No. 13-cv-291).

Both these claims shall proceed for further review.  However, Plaintiff shall note that as the case proceeds, the Court may find that severance of Count 5 into a separate action is

---

[1] Plaintiff also states in the complaint that Defendant William A. Spiller issued him a false disciplinary report on November 7, 2012, "out of retaliation" (Doc. 1-1, p. 2). Plaintiff allowed that disciplinary action to stand unchallenged.  It appears from the complaint that Plaintiff is not asserting a retaliation claim herein based on that disciplinary report, therefore, this matter is not included in Count 1.  Any claim based on the November 7, 2012, disciplinary report should be considered dismissed without prejudice.

appropriate.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Defendant Shurtz is not involved in Count 1 or 3, and has not been named in any of the other counts that shall be dismissed without prejudice.  If this claim proves to be insufficiently related to the other claims that will proceed in the action, severance may be ordered.

**Count 3 – Failure to Protect**

It has long been established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer*, 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.*; *Pinkston*, 440 F.3d at 889.  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Here, Plaintiff alleges that Defendants Spiller, Schoenbeck, and Fleming intervened to stop the initial attack on him by Defendant Lowder.  This shows that they were aware of the danger Plaintiff faced from this inmate.  However, the Defendants then walked away and permitted Lowder to assault Plaintiff again.

Correctional officers are not required to place themselves in harm's way when attempting to break up a fight between inmates.  *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007).  At the same time, a defendant's willingness to take affirmative steps aimed at stopping the situation is relevant to whether that defendant showed deliberate indifference.  *See id.*; *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (defendant "took other steps to intervene by promptly calling for back-up and monitoring the fight from the secure area until other officers arrived").

The facts related by Plaintiff suggest that when Defendants Spiller, Schoenbeck, and Fleming took no apparent steps to prevent the second attack, they may have been deliberately indifferent to the risk to Plaintiff's safety.  The complaint does not indicate that these officials faced any harm to themselves when they left Plaintiff unprotected.  Accordingly, **Count 3** shall proceed for further consideration.

## Claims to be Dismissed

### Dismissal of Count 2 – Instigation of Attack

A prison official's harassment of an inmate may become actionable where it involves a "credible threat to kill, or to inflict any other physical injury."  *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009).  Allegations that a corrections officer has provoked or persuaded other inmates to cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment.  *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told

other inmates that plaintiff was a snitch).

Plaintiff alleges just this type of activity, and further asserts that Inmate Defendant Lowder's attacks on him and the further threats of harm from other inmates were a direct result of prison officials informing inmates that Plaintiff is a child molester and snitch. However, Count 2 fails to state a claim upon which relief may be granted, because Plaintiff never names the corrections officers who spread these rumors among his fellow inmates.  He alleges only that Defendant Spiller told *other prison staff* that Plaintiff was a child molester (see Count 1) (Doc. 1-1, p. 2).  He then states, "corrections staff took it a step further by informing inmates that [Plaintiff] was a child molester and prison informant."  *Id.*  Until Plaintiff identifies which "corrections staff" fed this information to other inmates, **Count 2** cannot proceed.  Count 2 shall thus be dismissed without prejudice at this time.  Plaintiff may re-plead this claim in an amended complaint, consistent with the requirements of Federal Rule of Civil Procedure 15(a) and SDIL-LR 15.1.

### Dismissal of Count 4 – Deliberate Indifference to Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

Count 4 suffers from the same flaw as Count 2 – Plaintiff fails to name the officials who refused to summon medical care for him after the assault on him by Inmate Lowder.  He says only that he "was refused medical attention by staff who stated that they were going home and had no time to deal with my problems" (Doc. 1-1, p. 3).  Further, Plaintiff does not indicate whether these unidentified staff members were aware of his injuries, either because they were obvious to a layperson or because Plaintiff pointed them out and requested medical care.  Based on the complaint as pled, the Court cannot conclude that Plaintiff's injuries following the attack were objectively serious, or that any particular Defendant showed deliberate indifference to Plaintiff's condition.  **Count 4** shall also be dismissed without prejudice.

### Dismissal of Count 6 – Grievances

The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Thus, Plaintiff's allegations that Defendant Phoenix destroyed and failed to respond to his grievances, and that Defendants Oakley and Benton conspired with her to destroy documents, do not state a claim for a violation of his constitutional rights.  These Defendants are not alleged to have spread rumors about Plaintiff, placed him in harm's way, or denied him medical care – they were only called upon to respond to Plaintiff's grievances filed over the misconduct of other officials.  Any action or inaction with regard to the grievance procedure on the part of Defendants Phoenix, Oakley, or Benton does not amount to "personal involvement" in a deprivation of Plaintiff's rights, and will not support an independent constitutional claim.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.

2001).

Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

For these reasons, **Count 6** shall be dismissed from the action with prejudice.

### Dismissal of Count 7 – Inmates Lowder and Melendez

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a constitutional right by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 49 (1988). ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). A fellow inmate is not a "state actor" as contemplated under § 1983. A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.,*, 311 F.3d 851, 852-53 (7th Cir. 2003). For these reasons, Plaintiff's purported § 1983 claims in **Count 7** against Defendant Inmates Lowder and Melendez shall be dismissed with prejudice.

### Dismissal of Defendants Lashbrook and Veath

Plaintiff included Lashbrook (Internal Affairs Lt.) and Timothy Veath (Lieutenant) among the listed Defendants (Doc. 1, p. 2). He also named Defendant Lashbrook in the prayer for relief (Doc. 1-1, p. 5). However, the statement of claim does not include any

factual allegations whatsoever against either Defendant Lashbrook or Defendant Veath. There is thus no basis for the Court to discern what these individuals may have done to violate Plaintiff's constitutional rights.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Lashbrook and Veath will be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order, following the receipt of Plaintiff's inmate trust fund statements (See Doc. 4).

**Disposition**

**COUNTS 2 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 6 and 7** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **OAKLEY, VEATH, PHOENIX, BENTON, LASHBROOK, MELENDEZ,** and **LOWDER** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SPILLER, SHURTZ,**

**SCHOENBECK,** and **FLEMING**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 2, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court